COVINGTON, Judge.
ON MOTION TO DISMISS
Appellee moves to dismiss the appeal on the ground that the judgment appealed from is not a final judgment but rather an interlocutory judgment and that it will not cause irreparable injury to appellant. We agree and dismiss the appeal.
Appellant, Sidney Douet, petitioned for probate of the statutory testament of his deceased wife, Tessie Courville Douet, in which he was named the sole legatee and testamentary executor. The testatrix had been married previously and had one son, L. J. Hollier, the appellee. After filing, inter alia, a sworn detailed descriptive list of the decedent’s estate, with values placed on each item, and acknowledging that the testamentary disposition impinges on the legi-time of his step-son, the executor, by rule, sought permission to sell, at public auction, a certain piece of real estate belonging to decedent’s separate estate and to deposit in the registry of the court a sum equal to one-third of the value of the decedent’s estate as given in the sworn detailed descriptive list. Thereby, the executor desired to satisfy the legitime and also receive the properties of the estate free and clear of numerous judgments and liens against Hollier, the total amount of which allegedly exceed the value of the forced portion.
Hollier opposed the rule, objecting to the use of a summary proceeding, the evaluation of the property on the descriptive list, and urging that he is entitled to one-third of decedent’s entire property and not one-third of the value thereof.
The eminent trial judge, after hearing the rule to show cause, for oral reasons which are in the record, recalled the rule and rejected the demands of the executor, Douet. From that judgment, signed September 15, 1980, he appealed devolutively.
Under LSA-C.C.P. art. 2083, an appeal may be taken only from a final judgment or an interlocutory decree which may cause irreparable injury. The instant case falls in neither category.
Therefore, the appeal is dismissed at appellant’s cost.
DISMISSED.